UNITED STATES of America and Peter B. Parish, Agent, Internal Revenue Service, Petitioners-Appellants,

v.

The CLEVELAND TRUST COMPANY, Respondent-Appellee,

and

John Miceli, Intervenor-Appellee.

No. 72-1804.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 2, 1973.

Decided March 7, 1973.

Carleton D. Powell, Tax Division, Department of Justice, Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, John P. Burke, Attys., Tax Division, Department of Justice, Washington, D. C., on brief, for petitioners-appellants; Frederick M. Coleman, U. S. Atty., of counsel.

Takashi Ito and Robert J. Rotatori, Cleveland, Ohio, D. C. Armour, Cleveland, Ohio, on brief, for respondent-appellee.

Gold, Rotatori, Messerman & Hanna, by Robert J. Rotatori, Cleveland, Ohio, for intervenor-appellee.

Before WEICK, EDWARDS and KENT, Circuit Judges.

## PER CURIAM.

This is an appeal by the United States from an order of the United States District Court for the Northern District of Ohio denying judicial enforcement of a summons issued under the provisions of § 7602 of the Internal Revenue Code of 1954. 26 U.S.C. §§ 7602, 7402(b), 7604(a) (1970). The judgment of the District Court was entered some months before the United States Supreme Court decided Couch v. United States, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973). In that case the Supreme Court held that enforcement should be granted in relation to a government summons of financial reports and data turned over by taxpayer to her accountant for preparation of her income tax returns.

We believe the fact situation in *Couch,* on the basis of which the taxpayer therein argued that material in her accountant's hands was protected by her Fifth Amendment right of privacy, was somewhat stronger in support of that argument than is the fact situation in this case. In this case the data sought by the government consists of a financial report of the taxpayer submitted to the Cleveland Trust Company for the purpose of securing a commercial loan. We do not believe that one supplying such a report for such a purpose retains his constitutional right of privacy therein. It is our belief that the *Couch* case is authority for deciding this case in favor of the government, as far as the major legal argument presented to us on this appeal is concerned.

The District Judge, however, relied in his opinion upon Donaldson v. United States, where the Court said:

> We hold that under § 7602 an internal revenue summons may be issued in aid of an investigation if it is issued in good faith and prior to a recommendation for criminal prosecution. Donaldson v. United States, 400 U.S. 517, 536, 91 S.Ct. 534, 545, 27 L.Ed.2d 580 (1971).

The District Judge then held as a matter of fact that the taxpayer here was being investigated solely for criminal purposes and that the revenue summons had not been issued "in good faith."

On the total record of this case, we hold that these findings of the District Judge are clearly erroneous.

■ It is clear, of course, from the record in this case that the opening of a civil tax investigation into the tax returns of Miceli Dairy Products Co., Inc., in which John Miceli was a principal stockholder, was initiated by a representative of the Strike Force assigned in the Cleveland area to investigate organized crime on behalf of the Department of Justice of the United States. It appears to us that the District Judge's bad faith finding was directly related to his view that there was something odious about the Strike Force's recommendation of a civil audit. This court does not see why the transmission of information between two different units of the federal government pertaining to a possibility of tax liability should be the subject of judicial condemnation.

■ As we see this matter, the question is whether on this record there was in fact a good faith investigation of the civil liability of the Miceli Dairy and/or John Miceli individually, or whether the sole purpose of the investigation was the criminal prosecution of John Miceli.

It is uncontested on this record that there had been at the time of the issuance of this summons neither an indictment concerning John Miceli nor a recommendation for prosecution. And we know of no reason why, if gross receipts of the corporation had been falsely understated, the fact that information was provided to the civil side of the Internal Revenue Audit Division by agents usually concerned with criminal prosecution should immunize the taxpayer corporation from investigation as to its civil liability for additional taxes. In United States v. Couch, *supra*, the Supreme Court said:

> It is now undisputed that a special agent is authorized, pursuant to 26 U. S.C. § 7602, to issue an Internal Revenue summons in aid of a tax investigation with civil and possible criminal consequences. In Donaldson v. United States, 400 U.S. 517 [91 S.Ct. 534, 27 L.Ed.2d 580] (1971), the Court upheld such a summons, noting that:
>
> > "Congress clearly has authorized the use of the summons in investigating what may prove to be criminal conduct. . . . There is no statutory suggestion for any meaningful line of distinction, for civil as compared with criminal purposes, at the point of a special agent's appearance. . . To draw a line where a special agent appears would require the Service, in a situation of suspected but undetermined fraud, to forgo either the use of the summons or the potentiality of an ultimate recommendation for prosecution. We refuse to draw that line and thus to stultify enforcement of federal law." 400 U.S., at 535–536 [91 S.Ct., at 544]. United States v. Couch, *supra*. (Footnotes omitted.)

The judgment of the District Court is vacated and the case is remanded for the purpose of enforcement of the summons.