UNITED STATES of America, and William Sweerus, Special Agent, Internal Revenue Service, Petitioners,

v.

CHASE MANHATTAN BANK, Respondent,

and

Joel M. White, Intervenor.

No. M–18–304 (CBM).

United States District Court, S. D. New York.

Oct. 9, 1979.

**318**

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City (William J. Hibsher, Asst. U. S. Atty., New York City, of counsel), for petitioners.

John M. Bray, Schwalb, Donnenfeld, Bray & Silbert, Washington, D. C., Giora Ben-Horin, Brown & Bain, Phoenix, Ariz., Julian W. Friedman, Stillman & Friedman, New York City, for intervenor.

## MEMORANDUM OPINION

MOTLEY, District Judge.

On November 6, 1978, this court heard oral argument by counsel for the government and the taxpayer concerning the Government's petition for enforcement of an administrative summons served on the Chase Manhattan Bank in connection with an IRS investigation of the taxpayer. The taxpayer, Joel M. White, had intervened pursuant to 26 U.S.C. § 7609(b)(1) on the grounds that the summons was not issued by the IRS in good faith. Having reviewed the parties' submissions and following oral argument, this court denied the taxpayer's motion to permit discovery or an evidentiary hearing and entered an order enforcing the IRS summons.

The taxpayer appealed the order to the United States Court of Appeals for the Second Circuit, which issued an opinion vacating the order of this court:

> We vacate the order and remand to the district court for further proceedings, including the allowance of limited discovery, either in the form of affidavits from other government officials or in the form of limited interrogatories to those who have already offered affidavits, the answers to which may be sealed if necessary to preserve the secrecy of the grand jury proceedings, to determine if the non-tax criminal indictment of the taxpayer is being held up pending, or is in any improper way connected to, compliance with the summons sought to be enforced.

*United States v. Chase Manhattan Bank,* 598 F.2d 321, 327–28 (2d Cir. 1979).

In accordance with the Court of Appeals' opinion, the Government filed the supplemental affidavits of Assistant United States Attorney Block ("Block Aff."), IRS Special Agent Sweerus ("Sweerus Aff."), and FBI Special Agent Dembo ("Dembo Aff."). In response, the taxpayer filed the supplemental affidavit of his attorney, Giora Ben-Horin, Esq., ("Ben-Horin Aff.") and moved to compel answers to written interrogatories. The Government has filed answers to those interrogatories, thus mooting the taxpayer's motion to compel answers.

The taxpayer opposes enforcement of the IRS summons, based on his assertion that (1) the IRS investigation is connected to the non-tax criminal investigation in an "improper way"; (2) there was an inordinate and unexplained delay in the investigation process; (3) the referral of this case to the IRS was for the purpose of using the IRS as an "information gathering agency for the Department of Justice"; and (4) the record shows institutional bad faith on the part of the Government. After careful consideration of the record, including affidavits from Government officials and the answers of Government officials to taxpayer's interrogatories, this court concludes that the IRS investigation is in "good faith" and is not in any way improperly connected to a non-tax criminal indictment. Accordingly, the court grants the Government's motion to enforce the IRS summons.

The Court of Appeals remanded this case to dispel any possibility that the IRS was being used as a tool of discovery or that the Department of Justice's indictment was being improperly delayed:

[W]e do not believe that the district judge could determine whether there is a connection between the holding up of the "imminent" criminal indictment against the taxpayer and the evidence sought by the summons. Put another way, was the referral by the FBI to the IRS made for the purpose of having the IRS secure information that could then be used by the FBI in its own prosecution? Or was the FBI reference to the IRS simply a matter of "routine"?

*Id.* at 327. The affidavits and answers to interrogatories show that the referral to the IRS was not made for the purpose of having the IRS secure information for the FBI.

Any possibility that the IRS is being used as a tool of discovery by the Department of Justice or that the Department has improperly delayed its indictment of the taxpayer is dispelled by the fact that the Department's investigation of the taxpayer was closed in March, 1978, two months *prior* to the issuance of the IRS summons. Assistant United States Attorney Block declared in his affidavit that he had no intention of using the IRS to obtain material, even while the Department's investigation was still underway. In addition, the affidavit of FBI Special Agent Dembo states that the FBI investigation was similarly closed two months before the issuance of the IRS summons; no information was ever supplied by the IRS to the FBI, or even requested from the IRS by the FBI. IRS Special Agent Sweerus explains in his affidavit that the IRS audit resulted from an informal referral by an FBI agent who had participated in the FBI investigation.

The intervenor does not dispute these affidavits. The intervenor does not challenge the fact that the Department of Justice and FBI investigations were closed *prior* to the issuance of the IRS summons. Therefore, no hearing or further discovery is necessary to determine whether the referral by the FBI to the IRS was made for the purpose of having the IRS secure information that could be used by the FBI in its own prosecution, as it is undisputed that the Department of Justice and FBI had already closed their investigations prior to the issuance of the IRS summons.

Confirming the position of the Government, the interrogatory answers state that the Department never contemplated obtaining information from the IRS, nor did Department officials discuss theories of tax prosecution with the IRS, nor did the Department ever offer a recommendation for prosecution to the IRS.

In short, the Government has sufficiently dispelled the possibility of bad faith. The delay in indictment by the Department was due to a number of practical difficulties, in addition to an adverse appellate decision relating to a Government theory of prosecution, not in anticipation of IRS-obtained information (Block Aff.). The court finds that the taxpayer has not met his heavy burden of demonstrating that the IRS acted in bad faith. *See United States v. LaSalle National Bank,* 437 U.S. 298, 316, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1978); *United States v. Chase Manhattan Bank, supra,* 598 F.2d at 326.

■ The taxpayer's argument that the referral, itself, by the FBI to the IRS was improper is without support. As the Sixth Circuit stated in *United States v. Cleveland Trust Co.,* 474 F.2d 1234, 1236 (6th Cir.), *cert. denied,* 414 U.S. 866, 94 S.Ct. 48, 38 L.Ed.2d 118 (1973): "This Court does not see why the transmission of information between two different units of the federal government pertaining to a possibility of tax liability should be the subject of judicial condemnation." *Accord, United States v. Chemical Bank,* 593 F.2d 451, 455–56 (2d Cir. 1979). Taxpayer's argument that statements made by an IRS revenue agent who is no longer assigned to the case is sufficient to demonstrate bad faith also must fail. It is well-established that the taxpayer must show an institutional bad faith: the personal intent of a single agent is not dispositive. *United States v. LaSalle National Bank, supra,* 437 U.S. at 314–15, 98 S.Ct. at 2366–67; *United States v. Chase Manhattan Bank, supra,* 598 F.2d at 326.

The affidavits and answers to interrogatories leave little doubt that the IRS inves-

tigation is not in bad faith. There is little support to taxpayer's speculation that the referral to the IRS was an attempt to circumvent the obstacles to the Department's own investigation.

In summary, discovery by the intervenor has revealed that the Department of Justice and FBI investigations were closed prior to the issuance of the IRS summons, thus precluding any possibility that the IRS was being used to secure information for the Department of Justice or FBI. That the Department of Justice and FBI investigations were closed is not contested by the intervenor. Further discovery or an evidentiary hearing is neither necessary to resolve the facts nor required as a matter of law. *See United States v. Chase Manhattan Bank, supra,* 598 F.2d at 327. The limited discovery conducted thus far has been more than adequate to show that the IRS has acted in good faith. Accordingly, the Government's motion to enforce the administrative summons of the IRS is hereby granted.

So ordered.