**UNITED STATES of America and Robert L. Walker, Special Agent, Internal Revenue Service, Petitioners-Appellees**

v.

**AQUINAS COLLEGE CREDIT UNION, Respondent**

**and**

**Richard L. Schwallier, Intervenor-Appellant.**

No. 80–1288.

United States Court of Appeals, Sixth Circuit.

Dec. 1, 1980.

---

888

Richard Schwallier, pro se.

James S. Brady, U. S. Atty., Agnes Kempker-Cloyd, Asst. U. S. Atty., Grand Rapids, Mich., for U. S. A.

Philip Brennan, Washington, D. C., for Aquinas College Credit Union.

M. Carr Ferguson, Asst. Atty. Gen., Tax Division, Gilbert E. Andrews, Chief Appellate Section, Michael L. Paup, Charles E. Brookhart, Kristina E. Harrigan, Dept. of Justice, Washington, D. C., for petitioners-appellees.

Before BROWN, KENNEDY and MARTIN, Circuit Judges.

### ORDER

Upon consideration of petitioners-appellees' motion to dismiss and the response submitted in relation thereto,

It is determined that this Court lacks jurisdiction to entertain this appeal because the party against whom the summons was issued under 26 U.S.C. § 7602 has fully complied with the summons which thus deprives this Court of jurisdiction as there is no case or controversy to address in this appeal. *DeFunis v. Odegaard*, 416 U.S. 312, 316, 94 S.Ct. 1704, 1705, 40 L.Ed.2d 164 (1975). Appellant's attempt to establish a case or controversy by attacking the constitutionality of the enforcement power granted to the Internal Revenue Service under 26 U.S.C. § 7602 fails to raise a substantial question as it has been unequivocally settled that this section properly authorizes the issuance of a summons in an investigation that is likely to lead to civil liability as well as to criminal prosecution. *Couch v. United States*, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973); *Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); *United States v. Joseph*, 560 F.2d 742 (6th Cir. 1977); *United States v. Cleveland Trust Co.*, 474 F.2d 1234 (6th Cir.), *cert. denied*, 414 U.S. 866, 94 S.Ct. 48, 38 L.Ed.2d 118 (1973). It is also beyond cavil that a summons directed to a third party bank or credit union does not violate the Fourth Amendment rights of a depositor under investigation since the records belong to the financial institution and not to the depositor. See *United States v. Miller*, 425 U.S. 435, 440-444, 96 S.Ct. 1619, 1622-1624, 48 L.Ed.2d 71 (1976); *United States v. Weingarden*, 473 F.2d 454, 458 f.n.4 (6th Cir. 1973); *United States v. Brown*, 600 F.2d 248, 256 (10th Cir. 1979) and cases cited therein. Further determining that oral argument is not needed in this case, Rule 34, Federal Rules of Appellate Procedure,

It is ORDERED that the motion to dismiss be and hereby is granted and this case is hereby remanded to the district court so as to allow it to vacate the enforcement order. *Great Western Sugar Co. v. Nelson*, 442 U.S. 92, 99 S.Ct. 2149, 60 L.Ed.2d 735 (1979).