872 F.2d 1023
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis BAUR, Plaintiff-Appellant,
v.
TRW CORP.; Jean Stephens, Defendants-Appellees.
 No. 88-1395.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Dennis Baur appeals the dismissal of his complaint filed under the Fair Credit Reporting Act, 15 U.S.C. Sec. 1681, in which he sought to enjoin the defendant third-party recordkeeper from complying with an I.R.S. summons. Upon consideration, we conclude the the complaint was properly dismissed.
 
 
 3
 The relief sought by plaintiff is available only by petition to quash the I.R.S. summons under 26 U.S.C. Sec. 7609. In essence, plaintiff seeks to quash the summons, alleging that compliance would violate the Fair Credit Reporting Act. However, the only proper party defendant to a petition to quash is the United States. See Deleeuw v. I.R.S., 681 F.Supp. 402 (E.D.Mich.1987). Also, defendant has indicated that it has complied with the summons rendering moot a petition to quash. See Great Western Sugar Co. v. Nelson, 442 U.S. 92 (1979); United States v. Aquinas College Credit Union, 635 F.2d 887 (6th Cir.1980), cert. denied, 450 U.S. 1042 (1981).
 
 
 4
 Accordingly, the judgment of the district court is affirmed. ule 9(b)(5), Rules of the Sixth Circuit.