**In re HELDOR INDUSTRIES, INC., Debtor.**

**NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION AND ENERGY, Appellant,**

v.

**HELDOR INDUSTRIES, INC., Appellee.**

Civ. No. 91–5701 (GEB).

United States District Court, D. New Jersey.

April 21, 1992.

Robert J. Del Tufo, Atty. Gen. of New Jersey, Benjamin Clark and Rachel Jeanne Lehr (argued), Deputy Attys. Gen. for the State of N.J., Trenton, N.J., for appellant New Jersey Dept. of Environmental Protection and Energy.

Karen A. Giannelli (argued), Crummy, Del Deo, Dolan, Griffinger & Vecchione, Newark, N.J., for appellee Heldor Industries, Inc.

Bruce Buechler and Peter R. Sarasohn, Ravin, Sarasohn, Cook, Baumgartern, Fisch & Baime, Roseland, N.J., for Official Unsecured Creditors Committee of Heldor Industries, Inc.

## MEMORANDUM OPINION

GARRETT E. BROWN, Jr., District Judge.

The New Jersey Department of Environmental Protection and Energy ("DEP") appeals from the bankruptcy court's September 27, 1991, Order approving a settlement plan under Bankruptcy Rule 9019(a) in the case of *In re Heldor Industries, Inc.,* Bankr.No. 90–35602 (SAS). DEP also purports to appeal "from the Memorandum Opinion dated September 6, 1991." Notice of Appeal, Oct. 11, 1991; *see In re Heldor Indus., Inc.,* 131 B.R. 578 (Bankr.D.N.J. 1991).

Upon receipt of the notice of appeal, this Court held a telephone conference with the parties and directed them to file motions raising threshold questions of whether the appeal should be dismissed on procedural grounds. Scheduling Order, Jan. 13, 1992. The debtor, Heldor Industries, Inc. ("Heldor"), together with its Unsecured Creditor Committee ("Committee"), filed a joint motion to dismiss the appeal as moot. DEP filed a cross-motion to vacate the bankruptcy court's "opinion and judgment" as moot. Counsel argued the two motions on April 6,

1992. For the reasons set forth below, the Court concludes that the bankruptcy court's Order was proper and that DEP lacks standing to "appeal" from the Memorandum Opinion. Accordingly, the Court will grant Heldor's motion, deny DEP's, and dismiss the appeal.

## BACKGROUND

The complete factual background of this case is adequately set forth in the bankruptcy court's published opinion, hence it is not necessary to repeat it here. Rather, this Court is concerned with the circumstances surrounding the bankruptcy court's issuance of its September 6, 1991, Memorandum Opinion and its September 27, 1991, Order.

Heldor, a Chapter 11 debtor, negotiated to sell substantially all its assets to another corporation. *Cf.* 11 U.S.C. § 363. Proceeds from the sale would be distributed to creditors, the principal one of which was the New Bank of New England, N.A. ("the Bank"). The Committee objected to the sale.[1] After extensive negotiations, the parties settled their differences, and on March 27, 1991, the bankruptcy court approved the renegotiated terms of the sale. *See* DEP App. 99; *cf.* 11 U.S.C. § 363(c)(2)(B). On April 23, Heldor applied to the bankruptcy court for approval of a settlement agreement concerning the sale and the Committee's earlier objections and complaint against the Bank. *See* DEP App. 107; *cf.* Bankr.R. 9019(a).

The bankruptcy court issued an Order to Show Cause why the settlement agreement should not be approved.[2] Two objections were filed, but this Court is concerned only with DEP's objection. By letter dated May 8, 1991, DEP objected to the settlement because none of the proceeds of the sale would be set aside to ensure compliance with the Environmental Cleanup Responsibility Act ("ECRA"), N.J.Stat.Ann. 13:1K–6 to –14 (West 1991). *See* DEP App. 126.

The bankruptcy court held a hearing on May 20, 1991, during which it questioned whether compliance with ECRA was a necessary condition to plan approval and invited the parties to brief the issue. *See* Tr. Hr'g May 20, 1991, at 20, 25–26 (DEP App. 52, 57–58). The bankruptcy court held a second hearing on July 9, 1991, at the conclusion of which it reserved decision on DEP's objection and indicated that within "a couple of months" it would issue an opinion addressing the issues. *See* Tr.Tel. Conf. Sept. 27, 1991, at 7 (DEP App. 65). The bankruptcy court also requested that the parties keep it apprised of the possibility of settlement. *See id.* at 5 (DEP App. 63).

On August 9, 1991, DEP filed in the bankruptcy court a letter withdrawing its objections to the settlement agreement. *See* DEP App. 128. Ms. Rachel Jeanne Lehr, a Deputy Attorney General representing DEP, explained that DEP was withdrawing its objection because "[a]ll that is left to be done at this time for Heldor's ECRA compliance to be complete is the submission of certain information in addition to a proposed negative declaration affidavit executed and certified in accordance with the provisions of [N.J.Admin.Code tit. 7, § 26B–5.2 (1989)], to be approved by [DEP]." By letter dated August 15, 1991, Ms. Karen Giannelli, counsel for Heldor, submitted to the bankruptcy court a proposed form of order approving the settlement. *See* DEP App. 131. The cover letter accompanying the proposed order states, "The State [DEP] has since withdrawn its objection by letter dated August 9, 1991."

On September 6, 1991, the bankruptcy court issued a Memorandum Opinion "constitut[ing] the court's findings of fact and conclusions of law" and "address[ing] [the] objection raised by [DEP] to [the] proposed settlement." *In re Heldor Indus., Inc.*, 131 B.R. at 580. In a five-page

---

1. On March 15, 1991, the Committee also filed a complaint against the Bank, bearing adversary proceeding No. 91–3178, seeking to recover preferential transfers, avoid fraudulent conveyances, equitably subordinate the Bank's claim, and determine the validity of the Bank's liens.

2. The March 27, 1991, Order approved the sale. The Rule 9019(a) Order was necessary to distribute the settlement proceeds. DEP did not object to the approval of the sale, but only to the distribution of the proceeds.

discussion, the bankruptcy court stated why it was of the opinion that DEP's objection to the proposed settlement was without merit. *See id.* at 584–88. The bankruptcy court concluded, "The DEP's objection to the settlement in this case is overruled, and the settlement is approved. The attorney for the debtor is to submit an order under the five-day rule." *Id.* at 588.[3]

By letter dated September 11, Ms. Giannelli submitted a proposed form of order in compliance with the bankruptcy court's request. *See* DEP App. 137. By letter dated September 23, Ms. Lehr, DEP's attorney, objected to the proposed order. *See* Tr.Tel. Conf. Sept. 27, 1991, at 9 (DEP App. 67).

On September 27, the bankruptcy judge held a telephone conference with counsel for Heldor, DEP, the Bank, and the second objector to the proposed settlement. In the course of the telephone conference, the bankruptcy judge indicated that, although DEP's letter withdrawing the objection had been filed on August 9, it apparently had been misplaced and had not come to his attention. *See id.* at 11–12 (DEP App. 69–70).[4] He stated that he had read Ms. Giannelli's letter of August 15, which made reference to DEP's withdrawal of its objection, but, because he had been on vacation, he had not read the letter until almost two weeks later. *See id.* at 12 (DEP App. 70). Thus, DEP's withdrawal of its objection had been brought to his attention before he issued his memorandum opinion. He explained that he had decided to issue the opinion anyway, because it was already substantially complete and because he thought it addressed some important issues on which there was little written discussion. *See id.* at 12–15 (DEP App. 70–73).

During the telephone conference, the bankruptcy judge indicated that he would make certain changes to the proposed form of order submitted by Heldor. *See id.* at 10–11 (DEP App. 68–69). He made the changes and the same day signed the Order, the following portions of which reflect

the changes to the proposed form by **highlighting** additions and ~~striking out~~ deletions:

... the Court having held hearings ... and the Court having thereafter rendered its Memorandum Opinion dated September 6, 1991; and, in the interim, being satisfied that the Debtor ... having met the requirements of ECRA ... the State having withdrawn its objections **by a letter which was filed** on August 9, 1991, **but which was not seen by the Court until September 24, 1991;** ...

IT IS, on this 27th day of September, 1991,

ORDERED:

. . . .

2. That the objections of the State **have been withdrawn** ~~be, and the same hereby are, overruled for the reasons noted in the Memorandum Opinion dated September 6, 1991.~~

3. That the Settlement Agreement ... be, and the same hereby is, approved.

Order, September 27, 1991, at 2–3 (DEP App. 13–14).

On October 1, 1991, at DEP's request the bankruptcy judge held another telephone conference. Ms. Lehr, DEP's attorney, indicated that DEP wanted the bankruptcy court to vacate its opinion. The following exchange took place:

THE COURT: Ms. Lehr, let me ask you, why would you want—What would be your grounds for moving for this Court to vacate its opinion in *Heldor?*

. . . .

MS. LEHR: Well, under Rule 60 [of the Federal Rules of Civil Procedure], it was a mistake that you inadvertently didn't get or were not informed that the State's objections had been withdrawn.

THE COURT: Well, I put in the Order, did I not, that the objections were withdrawn rather than overruled?

MS. LEHR: That's right.

---

**3.** The "five-day rule" referred to is found in Rule 22(B) of the General Rules of this Court.

**4.** The bankruptcy judge stated that the original letter was never located. Along with her objection of September 23, Ms. Lehr provided him with a copy. Tr.Tel.Conf. Sept. 27, 1991, at 11 (DEP App. 69).

. . . .

THE COURT: ... If you want to do whatever you want to do with respect to that opinion, ... you go ahead, but don't expect me to vacate the opinion because I have no intention of doing so.

. . . .

MS. LEHR: ... [I]f I make a motion for you to vacate the judgment and you deny that order, that I can appeal.

THE COURT: Ms. Lehr, I am not going to interpret for you what you can or cannot appeal.

MS. LEHR: No, I just thought maybe we could do it on the telephone. I am sorry if we can't. I just thought that I would try.....

. . . .

MR. SARASOHN:[5] I'm a little concerned about this type of a proceeding going forward. If Ms. Lehr wants to make her motion, then she ought to make her motion and provide the facts by way of certification or whatever rather than this informal kind of discussion because it really doesn't give anybody an adequate opportunity to review what she's saying and oppose it or consider it or in any way react properly.....

. . . .

MS. LEHR: All right. Thats all right. I just wanted to make sure before I caused anybody else any further time to be spent or money of the assets of the estate....

THE COURT: ... If Ms. Lehr wishes to, and the State wish[es], nevertheless, to file some motion [to vacate the opinion] which states some grounds that they haven't previously mentioned or some authority that they haven't previously mentioned, then I suppose they'll do whatever they think is the appropriate thing to do. But I agree with Mr. Sarasohn that th[e] utility, if any, of this phone conference seems to be used up.

Tr.Tel.Conf. Oct. 1, 1991, at 8–13 (DEP App. 93–98). DEP did not file a motion in

5. Mr. Sarasohn is the Committee's attorney.

the bankruptcy court seeking to have opinion vacated. Instead, on October 11, it filed a notice that it was appealing to this Court. Subsequent events are explained at pages 290–91 above.

DISCUSSION

In support of their motion to dismiss the appeal as moot, Heldor and the Committee argue that (1) DEP withdrew its objection to the settlement plan, (2) therefore it had no interest in the outcome of the bankruptcy case and, *a fortiori*, it has no interest in this appeal, and (3) therefore the appeal is moot. In support of its cross-motion to vacate the bankruptcy court's judgment and opinion as moot, DEP argues that (1) it withdrew its objection to the settlement plan, (2) therefore the issue was moot when the bankruptcy court issued its opinion, and (3) therefore the opinion must be vacated because it was merely advisory.

A. *Standard of Review*

[1] In reviewing decisions of the bankruptcy court on appeal, this Court applies a plenary standard of review to questions of mootness. *See Huber v. Casablanca Indus., Inc.*, 916 F.2d 85, 107 (3d Cir.1990), *petition for cert. filed*, No. 90–1092 (Jan. 9, 1991). The Supreme Court recently summarized the principles that govern questions of mootness:

Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies.... Article III denies federal courts the power "to decide questions that cannot affect the rights of litigants in the case before them," ... and confines them to resolving "real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." ... This case or controversy requirement subsists through all stages of federal judicial proceedings.... To sustain ... jurisdiction ..., [t]he parties must continue to have a "personal stake in the outcome."

*Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (citations omitted). Applying these principles, the Court concludes that the issues addressed in the bankruptcy court's Order were not moot.

### B. *Appeal Lies From the Bankruptcy Court's Order, Not From Its Memorandum Opinion*

■ Heldor succinctly states the dispositive issue in this case when it notes, "DEP is solely appealing the Opinion of the Bankruptcy Court and not the Order of that Court." Heldor Br. 10. It is fundamental that a party appeals from a court's order or judgment, not from its opinion stating the reasons for that order or judgment. *See United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 232–33, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958); *In re Gathright*, 71 B.R. 343, 345 (E.D.Pa.1987); Bankr.R. 8001 (appeal lies "from a final judgment, order or decree of a bankruptcy judge"); E.H. Schopler, Annotation, *Formal Requirements of Judgment or Order as Regards Appealability*, 73 A.L.R.2d 250, 303–06, 311–12 (1960); 4 Am.Jur.2d *Appeal and Error* § 75 (1962). Federal Rule of Civil Procedure 58 embodies the distinction between an opinion and a judgment in the "separate document" requirement. *See United States v. Indrelunas*, 411 U.S. 216, 221, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973) (per curiam); *Rappaport v. United States*, 557 F.2d 605, 606 (7th Cir.1977). The same distinction applies in bankruptcy court. *See* Bankr.R. 9021 (based on Fed.R.Civ.P. 58); *see, e.g., Seiscom Delta Inc. v. Two Westlake Park*, 857 F.2d 279 (5th Cir.1988).

It follows, then, that on this appeal the Court looks to the bankruptcy court's September 27, 1991, Order, not to its Memorandum Opinion. At oral argument, DEP argued that the bankruptcy court issued a second Order during the October 1, 1991, telephone conference, relevant portions of which are reproduced at pages 292–93 above. In support of its argument, DEP cited to Federal Rule of Civil Procedure 7(b)(1), which provides in part, "An application to the court for an order shall be made by motion which, unless made during a

hearing or trial, shall be made in writing...." Upon review of the entire transcript of the October 1 telephone conference, the Court rejects DEP's contention that the conversation amounts to an oral motion for relief and an oral Order by the bankruptcy judge. True, the bankruptcy judge indicated that he would not grant DEP's motion *if DEP made one*, but it is apparent that the bankruptcy judge did not understand DEP to have made one. Rather, he made it clear that Ms. Lehr or DEP could "file some motion" to vacate the opinion. Tr.Tel.Conf. Oct. 1, 1991, at 13 (DEP App. 98). To the extent that Ms. Lehr intended to make an oral application, she abandoned that strategy when Mr. Sarasohn objected to the procedure and indicated, "If Ms. Lehr wants to make her motion, then she ought to make her motion." Ms. Lehr responded, "All right," but she never made a motion and the bankruptcy court never issued another Order. Therefore, on this appeal the Court considers the September 27, 1991, Order.

### C. *The Case Was Not Moot When the Bankruptcy Court Issued Its Order of September 27, 1991*

■ Under Bankruptcy Rule 9019, the bankruptcy court must approve any proposed settlement. *See, e.g., Wheeling Structural Steel Co. v. Moss*, 62 F.2d 37, 39–40 (4th Cir.1932) (applying former compromise and settlement provision, 11 U.S.C. § 50); *Parker v. Baltimore Paint & Chem. Corp.*, 273 F.Supp. 651, 653 (D.Colo. 1967) (same). The settlement in this case involved the Committee's claim against the Bank and its objection to the planned distribution of most of the assets to the Bank. When the parties worked out their differences, it was necessary for them to obtain an Order from the bankruptcy court authorizing distribution of the proceeds. At that point, DEP objected. But even if DEP had not objected, the bankruptcy court would have had to issue an Order authorizing the distribution; that is, there would have been a justiciable issue before the bankruptcy court. If the case would have been justiciable absent DEP's objection, then it could not have become moot merely because DEP did object and then withdrew its objection.

Therefore, the Court concludes that the case was not moot when the bankruptcy court entered its Order.

The Court also concludes that DEP has no grounds for asserting that the bankruptcy court's Order should be vacated. The Order plainly sets forth that DEP had withdrawn its objection to the proposed settlement. What DEP objects to is the opinion explaining the reasons for the Order. True, the bankruptcy court's opinion does not indicate that DEP had withdrawn its objection, and it might be said that the opinion therefore explains more than was necessary to support the Order. Nonetheless, as explained above, on appeal this Court considers orders, not opinions, and in determining whether to affirm or reverse an order the Court is not bound by the reasoning contained in an opinion. *See Gruber v. Price Waterhouse*, 911 F.2d 960, 963 (3d Cir.1990); *Fairview Township v. United States, Envtl. Protection Agency*, 773 F.2d 517, 525 n. 15 (3d Cir.1985); *see also* 5 Am.Jur.2d *Appeal and Error* § 727 (1962) ("[A] correct result will not be set aside because it is based on an incorrect ground...."). Because there is nothing before the Court that would require reversal of the Order, the Court will not consider the reasons set forth in the opinion, especially those addressing the objection DEP withdrew before the Order was entered. While the *Order* is not moot, those portions of the opinion addressing DEP's objection appear clearly mooted by subsequent events.[6]

**D. Cases Involving "Supervening Mootness" Are Inapplicable**

Because DEP blurs the distinction between opinions and judgments, it fails to address the one factor that is fatal to its appeal: approval of the proposed settlement was a justiciable, nonmoot, issue independent of DEP's objection. Instead, DEP relies on a line of cases involving "supervening mootness," *i.e.*, cases where judgment was entered, appeal was taken, and, before the appeal was decided, the case became moot.[7] DEP places particularly heavy reliance on *United States v. Munsingwear, Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950). According to *Munsingwear*, when a case on appeal becomes moot, the established practice is to reverse or vacate the judgment below and remand with a direction to dismiss. *Id.* at 39, 71 S.Ct. at 106. This practice "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." *Id.* at 40, 71 S.Ct. at 107.

As explained above, because the issues addressed in the bankruptcy court's order—as opposed to its opinion—were not moot, this case does not involve a judgment, review of which was prevented through happenstance. If Heldor, the Committee, or the Bank objected to the bankruptcy court's approval of the settlement, those parties could obtain review on appeal. Moreover, even if this case in-

---

**6.** DEP's real concern seems to be that the Memorandum Opinion will be damaging precedent in future cases. DEP is free, however, to point out that much of the opinion is *dicta*. In addition, district courts will consider *de novo* the issues addressed in the opinion if they are properly raised in future appeals.

**7.** With but two exceptions, all the cases cited by DEP involve instances of supervening mootness. *See Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 69–70, 104 S.Ct. 373, 78 L.Ed.2d 58 (1983); *Great W. Sugar Co. v. Nelson*, 442 U.S. 92, 92, 99 S.Ct. 2149, 60 L.Ed.2d 735 (1979); *County of Los Angeles v. Davis*, 440 U.S. 625, 634, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979); *North Carolina v. Rice*, 404 U.S. 244, 245, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971); *United States v. Munsingwear, Inc.*, 340 U.S. 36, 37, 71 S.Ct. 104, 95 L.Ed. 36 (1950);

*United States v. Articles of Drug Consisting of 203 Paper Bags*, 818 F.2d 569, 572 (7th Cir.1987); *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143, 146–47 (3d Cir.1986); *Jersey Central Power & Light Co. v. New Jersey*, 772 F.2d 35, 36 (3d Cir.1985); *Commodity Futures Trading Comm'n v. Board of Trade*, 701 F.2d 653, 654–55 (7th Cir.1983); *Finberg v. Sullivan*, 658 F.2d 93, 95 (3d Cir.1980); *Marshall v. Whittaker Corp.*, 610 F.2d 1141, 1144 (3d Cir.1979); *Bagby v. Beal*, 606 F.2d 411, 413 (3d Cir.1979).

In the only two cases addressing the argument that a case became moot *before* a decision was entered, the Third Circuit found that the case was not moot. *International Bhd. of Boilermakers v. Kelly*, 815 F.2d 912 (3d Cir.1987); *Dow Chem. Co. v. United States, Envtl. Protection Agency*, 605 F.2d 673 (3d Cir.1979).

volved supervening mootness, which it does not, or if it involved an order addressing a moot issue, which it does not, *Munsingwear* would not support DEP's position. As the Third Circuit recently held, *Munsingwear* does not apply where a case on appeal becomes moot due to the deliberate act of a party, rather than due to happenstance. *See Clarendon Ltd. v. Nu–West Indus., Inc.*, 936 F.2d 127, 130 (3d Cir.1991) (citing *Karcher v. May*, 484 U.S. 72, 83, 108 S.Ct. 388, 98 L.Ed.2d 327 (1987)). Here, DEP argues that the case somehow became moot when DEP withdrew its objection. But its withdrawal was a deliberate act of a party, and thus *Munsingwear* would not apply.

The Third Circuit's approach in *Clarendon* was foreshadowed in a case DEP cites, *Commodity Futures Trading Commission v. Board of Trade*, 701 F.2d 653 (7th Cir.1983). In Judge Posner's view,

> [The *Munsingwear* reasoning] is tenable, however, only if the case becomes moot for reasons beyond either party's control or the appellee mooted the case (hoping thereby to preserve the decision in his favor). Suppose instead that the appellant, being pessimistic about prevailing on appeal, mooted the case in the hope of being able to start over again in the district court; in that event, vacating the district court's decision would deprive the appellee of the benefit of a decision that by hypothesis was pretty sure to be affirmed.

*Id.* at 657. It appears that the bankruptcy judge attributed similar motives to DEP's withdrawal of its appeal. *See* Tr.Tel.Conf. Oct. 1, 1991, at 10 (DEP Br. 95) ("[A]s far as I'm concerned, I could construe what [DEP] did as rushing to withdraw that objection before my opinion was issued because [DEP] didn't want that kind of precedent."). This Court is not concerned with DEP's motives, however, because whatever its motives for withdrawing the objection, the withdrawal did not have the effect of rendering moot the issue addressed in the bankruptcy court's Order of September 27, 1991.

An appropriate Order accompanies this Memorandum.

## ORDER

For the reasons set forth in the accompanying Memorandum, it is this 21st day of April, 1992,

ORDERED the joint motion of Heldor and the Committee to dismiss DEP's appeal as moot be and is hereby GRANTED; and it is

FURTHER ORDERED that DEP's motion to vacate the bankruptcy court's September 6, 1991, Memorandum and September 27, 1991, Order be and is hereby DENIED.