## GREAT WESTERN SUGAR CO. *v.* NELSON

No. 78–1060.   Decided May 29, 1979

PER CURIAM.

Respondent Nelson sued in the United States District Court for the District of Colorado to compel arbitration of his discharge by petitioner Great Western Sugar Co. The District Court held that the presumption of arbitrability consistently applied by the Court of Appeals for the Tenth Circuit required that the dispute be submitted to arbitration. Before petitioner's appeal from the District Court's order could be decided on the merits, the arbitration proceedings had been completed, and respondent filed a suggestion of mootness with the Court of Appeals. The Court of Appeals, in an order and opinion admirable for its conciseness, if not for its fidelity to our case law, said:

> "This matter comes on for consideration of the appellee's suggestion of mootness and motion to vacate judgment of the District Court and to remand the captioned cause with instructions to dismiss. The appellant filed a brief in response arguing that the appeal be allowed to

continue but if not the judgment of the trial court should be reversed and the cause be remanded with directions to dismiss.

"Upon consideration whereof, the order of the Court is as follows:

"1. The appeal is dismissed on the ground of mootness.

"2. The judgment of the trial court is allowed to stand." App. to Pet. for Cert. A5.

In *Duke Power Co.* v. *Greenwood County*, 299 U. S. 259, 267 (1936), this Court said:

"Where it appears upon appeal that the controversy has become entirely moot, it is the *duty* of the appellate court to set aside the decree below and to remand the cause with directions to dismiss." (Emphasis supplied.)

The course of action prescribed in *Duke Power* has been followed in countless cases in this Court. See, *e. g., Preiser* v. *Newkirk*, 422 U. S. 395 (1975); *Parker* v. *Ellis*, 362 U. S. 574 (1960); *United States* v. *Munsingwear, Inc.*, 340 U. S. 36 (1950).*

Here neither the law nor the facts are in dispute. The Court of Appeals has proceeded on the assumption that the case is moot and has dismissed the appeal for that reason. It has nonetheless stated that the judgment of the District Court shall remain in effect, a statement totally at odds with the holding of *Duke Power*. The reasons for not allowing the District Court judgment to remain in effect when the fact of mootness had been properly called to the attention of the Court of Appeals were fully stated in *United States* v.

---

*\**United States* v. *Munsingwear, Inc.*, is perhaps the leading case on the proper disposition of cases that become moot on appeal. There the Court reiterated that "[t]he established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss." 340 U. S., at 39.

*Munsingwear, Inc., supra,* at 39–41, and need not be restated here. The Court of Appeals' disposition of this case may have been the result of a desire to show approval of the reasoning of the District Court in directing arbitration, but that motive cannot be allowed to excuse its failure to follow the teaching of *Duke Power Co., supra.*

Because the fact of mootness is clear, and indeed is relied upon by the Court of Appeals as its reason for dismissing petitioner's appeal, and because the law as laid down by this Court in *Duke Power Co., supra,* and *United States* v. *Munsingwear, Inc., supra,* is equally clear, the petition for certiorari is granted, the judgment of the Court of Appeals is vacated, and the case is remanded to the Court of Appeals with directions to vacate the District Court's judgment and to remand the case for dismissal of respondent's complaint.

*It is so ordered.*

MR. JUSTICE STEVENS, dissenting.

If we have time to grant certiorari for the sole purpose of correcting a highly technical and totally harmless error, one might reasonably (but incorrectly) infer that we have more than enough time to dispatch our more important business.

I would deny the petition for a writ of certiorari.