876 F.2d 104
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles R. WATERS, Defendant-Appellant.
 No. 88-3710.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1989.
 
 Before KENNEDY, NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the brief of appellant, motion to dismiss, responses to the motion to dismiss and certified record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Appellant was convicted on four counts of failure to file federal income tax returns in violation of 26 U.S.C. Sec. 7203. On October 21, 1985, he was sentenced to thirty days imprisonment on count 1 plus a fine of $10,000.00 The imposition of the sentence was suspended and he was placed on probation for a period of three years on each of counts 2, 3 and 4 to run concurrently with each other and to commence upon his release from custody on count 1. On April 15, 1988, the district court revoked appellant's probation; vacated the October 21, 1985, judgment and commitment order as to counts 2, 3 and 4; sentenced appellant to the custody of the Attorney General of the United States for one year on each of the three counts to run concurrently; and ordered appellant to pay the costs of the probation revocation action. An order and judgment to that effect were entered April 25, 1988, and appellant appealed.
 
 
 3
 The motion to dismiss this appeal as moot states that appellant was released "on December 16, 1988, apparently based upon time served with credit for good behavior." The issues raised on appeal relate to Judge Krenzler's failure to recuse himself and appellant's assertion that the boundaries of the United States are limited to Washington, D.C., and that as a resident of a state he is a non-resident alien and not required to pay federal income taxes. He seeks release, restoration of the status quo and other remedies.
 
 
 4
 Appeals may become moot if the requested relief has been granted or no live controversy remains. Great W. Suger Co. v. Nelson, 442 U.S. 92 (1979) (per curiam); DeFunis v. Odegaard, 416 U.S. 312, 316-17 (1974) (per curiam); Lowary v. Lexington Local Bd. of Educ., 854 F.2d 131, 133 (6th Cir.1988). Appellant, however, in this case has sought additional relief in addition to release, and the appeal is therefore not moot.
 
 
 5
 The issues presented on appeal are frivolous and without merit.
 
 
 6
 It is ORDERED that the motion to dismiss be denied and the judgment of the district court be affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.