883 F.2d 75
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnny Edwards OWENS, Petitioner-Appellant,
v.
John GLUCH, Respondent-Appellee.
 Nos. 89-1168, 89-1169.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1989.
 
 Before WELLFORD, RALPH B. GUY, Jr. and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Johnny Owens, a federal prisoner proceeding pro se, appeals the district court's judgment dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Owens claimed that the United States Parole Commission arbitrarily revoked his parole when it failed to conduct a timely local revocation hearing and it based its decision on an erroneous finding that he committed new criminal conduct during his release. The district court dismissed the action for Owens' failure to exhaust his administrative remedies.
 
 
 3
 Upon consideration, we affirm the district court's judgment for reasons other than those stated by the court. See Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985). The primary issue in this case, whether Owens is entitled to a new local revocation hearing, became moot during the pendency of the action in the district court as Owens was granted a new hearing by the National Appeals Board only a few days before the district court rendered its judgment. The suit was therefore properly subject to dismissal as moot. Great Western Sugar Co. v. Nelson, 442 U.S. 92, 93 (1979) (per curiam); Haskell v. Washington Township, 864 F.2d 1266, 1275-76 (6th Cir.1988).
 
 
 4
 The matter is also meritless to the extent that Owens challenged the Commission's finding that he committed new criminal conduct during his parole. In determining whether to revoke a parolee's parole, the Commission may find a parole violation based on its own conclusion that new criminal activity occurred, even if the parolee was acquitted of the underlying criminal charges. See Taylor v. United States Parole Comm'n, 734 F.2d 1152, 1155 (6th Cir.1984).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.