**RAILWAY LABOR EXECUTIVES' ASSOCIATION, Appellant,**

v.

**PITTSBURGH & LAKE ERIE RAILROAD COMPANY.**

No. 87–3664.

United States Court of Appeals, Third Circuit.

Submitted July 31, 1989.

On Remand from the Supreme Court of the United States.

Decided Sept. 7, 1989.

John O'B. Clarke, Jr., Highsaw & Mahoney Washington, D.C., for appellant.

Richard L. Wyatt, Jr., Akin, Gump, Strauss, Hauer & Feld, Washington, D.C., for appellee.

Clyde J. Hart, Jr., I.C.C., Washington, D.C., for amicus curiae, I.C.C.

Before SLOVITER, BECKER, and MANSMANN, Circuit Judges.

OPINION OF THE COURT

SLOVITER, Circuit Judge.

In *Railway Labor Executives' Association v. Pittsburgh & Lake Erie Railroad Co.*, 831 F.2d 1231 (3d Cir.1987), this court summarily reversed an order of the district court enjoining the Railway Labor Executives' Association (RLEA) from proceeding with its strike against Pittsburgh & Lake Erie Railroad Co. (Railroad). The Supreme Court granted certiorari and consolidated this case with the subsequent opinion of this court in a related matter in which the Railroad appealed from an order in the district court enjoining the sale of its assets pending bargaining with the RLEA under the Railway Labor Act notwithstanding that the Interstate Commerce Commission had approved the sale. *See Railway Labor Executives' Association v. Pitts-*

*burgh & L.E.R.R. Co.*, 845 F.2d 420 (3d Cir.1988)

The Supreme Court reversed our judgment in the latter case. —— U.S. ——, 109 S.Ct. 2584, 2597, 105 L.Ed.2d 415 (1989). It held, however, that in the former case we were correct in setting aside the injunction against the strike, 109 S.Ct. at 2598, but vacated our decision to permit us to deal with the question whether an injunction against the strike could be based on the provisions of the Railway Labor Act "if it is a live issue." *Id.* at 2599.

On remand, we requested the parties to file letter memoranda directed to that issue. The RLEA, joined by the United Transportation Union (UTU), formerly a member organization, responded that there are "no live issues left in this case involving rail labor's appeal from the preliminary strike injunction," because the sales agreement which was the subject of our earlier opinion had terminated and there are ongoing negotiations with the Railroad with respect to protection of employees who may be affected by the restructuring of that carrier. Letter from John O.B. Clarke, Jr. dated August 21, 1989. The unions, therefore, ask us to vacate the strike injunction and remand this case to the district court with instructions to dismiss as moot the Railroad's request for such an injunction.

The Railroad agrees that the 1987 strike no longer presents a "live issue," and notes that it did not sell its lines to Railco and "while it retains the option to do so, it has no outstanding plans to sell the lines and assets that were at issue in the Railco transaction." Letter from Richard L. Wyatt, Jr. dated August 22, 1989. It agrees that it is negotiating new collective bargaining agreements with its unions and suggests that we should dismiss this case as moot. Surprisingly, the Interstate Commerce Commission, who is in this case only as an intervenor, argues that the issue remains "live" and that this court should now determine the legal issue which we did not previously address. Letter from Clyde J. Hart, Jr. dated August 21, 1989.

Under the circumstances and on the basis of the representations made by the real parties in interest, it appears to us that there is no longer any "live" issue. However, we would be obliged in any event to remand to the district court if the matter is moot so that it can dismiss the case. *See Great Western Sugar Co. v. Nelson,* 442 U.S. 92, 99 S.Ct. 2149, 60 L.Ed.2d 735 (1979). Therefore, in an abundance of caution, we will remand this case to the district court so that it can make a determination as to whether there is, in fact, any remaining "live" issue and, if not, so that it can vacate its injunction and dismiss the matter as moot.