919 F.2d 141
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darnell ROBINSON, Imelda Robinson, Plaintiffs-Appellants,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Defendant-Appellee.
 No. 90-1767.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1990.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiffs, Imelda and Darnell Robinson, appeal summary judgment in favor of the defendant, the Immigration and Naturalization Service (INS), in this action challenging Section 5 of the Marriage Fraud Amendments of 1986, 8 U.S.C. Sec. 1154(h). While this appeal has been pending, the INS granted Imelda Robinson a voluntary departure date of December 26, 1990. The plaintiffs now move to stay that departure date. The INS has responded in opposition.
 
 
 2
 Plaintiff Imelda Robinson, a citizen of the Philippines, lawfully entered the United States on a visitor visa in 1987. However, she did not depart at the expiration of the visa and became the subject of a deportation proceeding in 1989. The Robinsons were married while those deportation proceedings were pending. Although plaintiff Darnell Robinson petitioned the INS to classify his wife as an "immediate relative," his petition was denied on grounds that then Section 5 of the Immigration Marriage Fraud Amendments Act of 1986, 8 U.S.C. Sec. 1154(h), as it then provided, required that such a petition be denied until the alien subject to deportation had lived outside of the United States for two years. If the marriage had been entered prior to the commencement of deportation proceedings, Sec. 1154(h) would not preclude a couple from attempting to establish that their marriage was entered into in good faith. The plaintiffs filed this suit challenging the constitutionality of that section. The district court granted summary judgment on grounds that this Court's decision in Almario v. Attorney General, 872 F.2d 147 (6th Cir.1989) was controlling. Almario upheld the constitutionality of Sec. 11549h). The sole issue raised by the plaintiffs on this appeal is that they have been constitutionally deprived of due process by the denial of any opportunity to be heard on the validity of their marriage. They contend that Almario does not address this argument.
 
 
 3
 Both the plaintiffs and the INS agree in the motion for stay and the response thereto that the enactment of the Immigration Act of 1990 (Act) would moot this appeal. The motion and the response were filed before the Act had been signed into law by the President on November 29, 1990 as P.L. 101-649. Section 702 of the Act amends 8 U.S.C. Sec. 1154(h) and Sec. 1255(e) to permit an alien who marries during deportation proceedings to establish that the marriage was entered into in good faith, in accordance with law, not for the purpose of procuring the alien's entry as an immigrant, and that no fee or other consideration was given. This amendment applies to marriages entered into before, on, or after the date of enactment. See 136 Cong.Rec.H 132334 (Oct. 26, 1990). Accordingly, this Act renders moot the plaintiffs' appeal as the legislation grants all that the plaintiffs seek in this appeal. The INS suggests in its response to the motion for a stay that the plaintiffs should move to reopen the administrative proceedings before the INS and request a stay of the departure date from the District Director. Since the plaintiffs' contention that their marriage is valid and was entered into in good faith has never been addressed, a reopening of proceedings before the INS appears to be the appropriate remedy in this case.
 
 
 4
 Because this appeal has been rendered moot by the subsequent legislation, the motion for stay is also moot. The plaintiffs' relief must now be sought before the INS. Further, the district court's order is vacated so that no legal consequences may flow from it. Great W. Sugar Co. v. Nelson, 442 U.S. 92 (1979) (per curiam); Neighbors Organized to Insure a Sound Environment, Inc. v. McArtor, 878 F.2d 174, 179 (6th Cir.1989).
 
 
 5
 It is therefore ORDERED that the district court's judgment denying summary judgment is vacated. It is further ORDERED that this appeal is dismissed as moot. The motion to stay is rendered moot. Rule 9(b)(1), Local Rules of the Sixth Circuit.