945 F.2d 407
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Amilcar MARCHETTI, Plaintiff-Appellant,
v.
Edward BRENNAN, Errol Westfall and Cliff Young, et al.,
Defendants-Appellees.
 No. 89-1808.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 12, 1991.
Decided Oct. 3, 1991.
 
 Before BAUER, Chief Judge, and CUMMINGS and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 In December 1988, plaintiff Amilcar Marchetti filed a "Civil Rights Complaint" with jury demand. He alleged that he was confined in the Federal Correctional Institution in Oxford, Wisconsin, and that he had become a lawful permanent resident of the United States in September 1963. He stated that he was incarcerated in the federal prison on Terminal Island, California, but was transferred to the federal prison in Springfield, Missouri, and then to the Oxford, Wisconsin, institution.
 
 
 2
 The complaint further stated that in March 1987 he received word that a "Notice of Action" had been placed in his file by the Immigration and Naturalization Service ("INS"). As customary, the Notice of Action requested that prior to the plaintiff's release from custody, the custodial institution should notify the INS of his pending release and transfer so that the INS could accord him a hearing "to present evidence and testimony against * * * [his] exclusion and/or deportation from the United States."
 
 
 3
 In September 1987 plaintiff requested a transfer to an institution near his California home. The complaint asserted that he was being denied such a transfer "because he is an immigrant from Argentina with an INS Notice of Action in his file" and that the transfer denial was discriminatory and in violation of the Fifth and Eighth Amendments.
 
 
 4
 While at the Oxford institution, plaintiff was given a security level of 3, subsequently reduced to 2. At the end of August 1990, the Bureau of Prisons granted plaintiff's request and transferred him back to the Terminal Island, California, federal correctional institution. Upon his arrival at the California institution, as he had been warned in September or October 1987, his security level was raised to 3 because of the INS Notice of Action letter in his file, thus negatively affecting his furlough, curfew and family visitation rights.
 
 
 5
 The defendants were the Oxford warden, an Oxford unit manager, an Oxford case manager, and two Oxford correctional counsellors. They moved for summary judgment which was granted by the district court in March 1989. In the supporting memorandum opinion, the district judge asserted that the INS Notice of Action had not triggered any discrimination against plaintiff but was filed because "the possibility of deportation heightened the security level of plaintiff" (App. 6). Citing Plyler v. Doe, 457 U.S. 202, 225, Judge Shabaz opined that it was a legitimate part of the business of the federal government to classify on the basis of alien status and that here the only discrimination was based upon the likelihood that plaintiff would be deported, which the district court considered to be "a rational categorization based upon security concerns" (App. 7). This Court need not consider the reasoning of the district court since the case should be dismissed for mootness.
 
 
 6
 The case became moot after the adverse summary judgment because plaintiff was transferred to the California institution that he requested and he is no longer seeking damages from the present defendants (Br. 22; Reply Br. 11). While his current briefs request the lowering of his security level, his complaint made no such request.
 
 
 7
 The complaint does not challenge his present security level of 3, the only matter he now raises. Because of his transfer to California, any remedy he might now have would be by filing a petition for habeas corpus or other pleading against the Bureau of Prisons and prison officers in the Northern District of that state.[1] The present defendants no longer have any jurisdiction over him nor any power to alter his California security rating. Since this Court holds that plaintiff's claim regarding his transfer was moot, we must vacate the judgment below and remand for dismissal. Great Western Sugar Co. v. Nelson, 442 U.S. 92, 93-94; United States v. Munsingwear, 340 U.S. 36,39.
 
 
 
 [1]
 Plaintiff's motion asking this Court to add the Bureau of Prisons as a defendant is denied. The complaint seeks no relief from the Bureau of Prisons. If plaintiff decides to pursue a belated contention that his present security classification is improper, he may include the Bureau as a defendant in an appropriate suit in the Northern District of California