996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Paul SALEMO, Defendant-Appellant.
 No. 92-10501.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 16, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Paul Salemo appeals the district court's denial of his motion for reconsideration of a clarification order entered against him. However, we do not have jurisdiction because the clarification order was not a final order and, in addition, was subsequently vacated. We dismiss.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 3
 Salemo pleaded guilty to wire fraud and use of a false social security number, and was sentenced to 176 months.[1] The court entered two protective orders and a third clarification order, which is the subject of this appeal, in an attempt to keep Salemo from harassing his family members who were acting as government witnesses. Salemo filed a motion for reconsideration of these protective orders, which was denied. He then filed two appeals--one for the two original protective orders (No. 92-10537) and this one (No. 92-10501) for the clarification order.
 
 II.
 STANDARD OF REVIEW AND JURISDICTION
 
 4
 The district court had jurisdiction pursuant to 18 U.S.C. 3231. We do not have jurisdiction because the issue is moot and the clarification order was not a final decision. The existence of subject matter jurisdiction is a question of law reviewed de novo. Reebok Int'l v. Marnatech Enters., 970 F.2d 552, 554 (9th Cir.1992).
 
 III.
 DISCUSSION
 
 5
 A. The protective order was not a final decision.
 
 
 6
 In C.A. no. 92-10537, we determined that the clarification order of March 17, 1992 was not a final, appealable order under 28 U.S.C. § 1291, and we dismissed the appeal. United States v. Salemo, No. 92-10537 (9th Cir. Oct. 27, 1992). Under the doctrine of the "law of the case," we therefore dismiss this appeal. Merritt v. Mackey, 932 F.2d 1317, 1320 (9th Cir.1991).
 
 
 7
 B. The issue is now moot.
 
 
 8
 The district court vacated all three of the underlying orders on November 24, 1992. Therefore, the issue is moot. Great Western Sugar co. v. Nelson, 442 U.S. 92, 93 (1978) (per curiam).
 
 
 9
 DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 His plea was vacated and the case remanded because the sentencing court erred under Fed.R.Crim.P. 11 by not specifically telling Salemo that he faced a twenty five year maximum sentence. United States v. Salemo, Nos. 92-10029, 92-15170 (9th Cir. March 25, 1993)