**CONTINENTAL CASUALTY COMPANY,**
Plaintiff–Appellee,

v.

**FIBREBOARD CORPORATION,**
Defendant–Appellee,

v.

**PACIFIC INDEMNITY CO., Applicant in Intervention–Appellant.**

**CONTINENTAL CASUALTY COMPANY,**
Plaintiff–Appellant,

v.

**FIBREBOARD CORPORATION,**
Defendant–Appellee.

Nos. 90–16519, 91–15331.

United States Court of Appeals,
Ninth Circuit.

Sept. 8, 1993.

Donald T. Ramsey, David M. Rice, Carroll, Burdick & McDonough, San Francisco, CA, for plaintiff-appellant.

Kelly C. Wooster, Jayne Loughry, Brobeck, Phleger & Harrison, San Francisco, CA, for defendant-appellee.

Before: HUG, HALL, and O'SCANNLAIN, Circuit Judges.

---

O'SCANNLAIN, Circuit Judge:

On remand from the Supreme Court, we consider whether this appeal from the denial of declaratory relief has been rendered moot by the settlement of the lawsuits that prompted the request for such relief, and, if so, whether the district court's judgment ought to be vacated. —— U.S. ——, 113 S.Ct. 399, 121 L.Ed.2d 325.

## I

Continental Casualty Co. ("Continental") brought this suit seeking a declaratory judgment that, under the insurance policy it had issued to Fibreboard Corporation ("Fibreboard"), it was not obligated to indemnify Fibreboard for punitive damages. Specifically, Continental sought a declaration that it was not liable for the punitive damages awarded against Fibreboard in two lawsuits, one in Texas (the *Cimino* action), the other in West Virginia (the *In re Asbestos* cases), involving asbestos-related injuries.

The federal district court held that Continental was not entitled to the declaratory relief it requested. *See Continental Cas. Co. v. Fibreboard Corp.*, 762 F.Supp. 1368 (N.D.Cal.1991). After a thorough analysis of the choice of law problems presented, and a careful examination of the substantive law and public policy of California, Texas, and West Virginia with respect to the insurability of punitive damages, the court held that there was no legal barrier to Continental's indemnification of Fibreboard for the punitive damages awarded in the *Cimino* and *In re Asbestos* actions. Continental appealed, and in an unpublished memorandum we affirmed the district court's judgment. Continental then sought a writ of certiorari in the Supreme Court.

Meanwhile, events proceeded apace. In the *In re Asbestos* cases, Fibreboard concluded settlement agreements with all but four of some 300 plaintiffs. After those four won punitive damage awards at trial, Fibreboard settled with them as well. That settlement,

to which Continental was a party, included an agreement between Continental and Fibreboard apportioning responsibility for the punitive damages won by the plaintiffs. In the *Cimino* action, Continental effected a court-approved settlement with the plaintiff class. Although Fibreboard did not participate, the settlement resulted in the dismissal of all claims against Fibreboard.

Informed of these developments, the Supreme Court granted Continental's petition for writ of certiorari, vacated our judgment of affirmance, and remanded the case to us "to consider the question of mootness." We asked the parties to file supplemental briefs, and then ordered the matter submitted for decision on the basis of those briefs.

## II

■ "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *IUFA v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (citation omitted).

At the threshold, we must determine precisely what "controversy" is presented for our review. Continental's complaint in the district court prayed for "a declaration that under the policy issued to Fibreboard, Continental Casualty Company has no duty to indemnify Fibreboard for liability for punitive damages." On the surface, this appears to be a request for an interpretation of the insurance contract, and for a declaration that the contract does not extend to an award of punitive damages under any circumstances. Continental, however, has never once made an effort to defend such a position in this litigation.[1] What Continental has argued is that, with respect to two specific lawsuits, the *Cimino* and *In re Asbestos* actions described above, it cannot be made to pay the punitive damages awarded against Fibreboard because the law and policy of the relevant

---

1. Under the policy, Continental is obliged to pay "*all sums*" which [Fibreboard] shall become obligated to pay by reason of or in consequence of legal liability for damage however or wherever created ... because of bodily injuries ... suf-

fered by any person" (emphasis supplied). It is thus apparent why Continental has not pressed the argument that the language of its policy does not cover punitive damages.

jurisdictions prohibits the indemnification of punitive damages.

The district court's opinion manifests the very same understanding of the "controversy" it was called upon to adjudicate. The opinion is not at all concerned with general matters of contract interpretation, but is devoted entirely to questions involving choice of law and the insurability of the punitive damages awarded by the Texas and West Virginia juries. The court's conclusions are likewise framed in terms of whether these specific punitive damages could be lawfully insured.

On appeal, the "controversy" placed before us remains only the insurability of the punitive damages awarded in the *Cimino* and *In re Asbestos* cases. Indeed, the very premise of this litigation has been that the insurance contract "does not expressly exclude coverage for punitive damages," 762 F.Supp. at 1370, so that only if the insurance of such damages is forbidden as a matter of public policy can Continental avoid the obligation to indemnify Fibreboard for those awarded against it. That question, by its nature, must be argued on a case-by-case basis.

In short, the "controversy" is over whether Continental can be required to indemnify Fibreboard for the specific punitive damages awarded in the Texas and West Virginia actions. The question that thus arises is whether this court is in a position to "grant effective relief" as to this particular controversy.

We think it obvious that the answer is no. Simply put, the question of who is to pay the punitive damages awarded in *Cimino* and the *In re Asbestos* cases is now, quite literally, settled. To grant Continental the declaratory judgment it sought would at this point be ineffective to relieve it of the legal obligation to indemnify Fibreboard for the specific punitive damages here at issue. Consequently, this matter "has lost its character as a present live controversy," and we are therefore without jurisdiction to consider it further. *Allard v. DeLorean*, 884 F.2d 464, 466 (9th Cir.1989). Continental's appeal must therefore be dismissed.

## III

Because this matter has become moot, Continental requests that we order vacatur of the judgment of the district court. Unsurprisingly, Fibreboard strenuously objects.

■ Our cases recognize "the general rule that if the controversy is entirely mooted during pendency of the appeal, 'it is the *duty* of the appellate court to set aside the decree below and to remand the cause with directions to dismiss.' " *IUFA v. Pan American*, 966 F.2d at 459 (quoting *Great Western Sugar Co. v. Nelson*, 442 U.S. 92, 93, 99 S.Ct. 2149, 2150, 60 L.Ed.2d 735 (1979)). We have consistently held, however, that this rule does "not apply 'when the appellant by his own act' rendered the appeal moot." *Id.* at 460 (quoting *Ringsby Truck Lines, Inc. v. Western Conf. of Teamsters*, 686 F.2d 720, 722 (9th Cir.1981)). "In such a case, the proper procedure is not to order vacatur of the district court judgment, but to remand the matter to the district court for a determination of 'the consequences and attendant hardships of dismissal or refusal to dismiss' and the balancing of 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.' " *Id.* (quoting *Ringsby*, 686 F.2d at 722). Our precedents, then, require that we deny Continental's motion and remand this matter to the district court for further proceedings. *See Bates v. Union Oil Co. of Cal.*, 944 F.2d 647, 649–51 (9th Cir.1991); *National Union Fire Ins. Co. v. Seafirst Corp.*, 891 F.2d 762, 765–69 (9th Cir.1989); *Allard v. DeLorean*, 884 F.2d 464, 466–67 (9th Cir.1989).

Continental suggests, however, that we should stay this proceeding pending the Supreme Court's decision in *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, —— U.S. ——, 113 S.Ct. 1249, 122 L.Ed.2d 649 (1993) (granting certiorari in *U.S. Philips Corp. v. Windmere Corp.*, 971 F.2d 728 (Fed Cir.1992)). In *Izumi*, the parties to the appeal settled their differences during the pendency of the appeal, and, pursuant to the settlement, moved jointly for vacatur of the lower court judgment. The Court's grant of certiorari is directed to the question: "Should the United States Courts of Appeals routinely vacate district court fi-

nal judgments at the parties' request when cases are settled while on appeal?"

Whatever the answer to this question proves to be, we think it unlikely that it will have a significant impact on the issues presented here. This case does not involve a bilateral agreement intended to moot an appeal, followed by a joint motion for vacatur. It involves mootness brought about by unilateral action, and a motion by one party strongly opposed by the other. We therefore do not expect that *Izumi* will address the issue before us, or call into question those of our cases that require a remand here.

Accordingly, we decline to stay our ruling on Continental's motion for an order of vacatur without prejudice to the district court's considering the issue among others it will take up upon remand.

### IV

This appeal is DISMISSED as moot. Continental's motion for an order of vacatur is DENIED, and the matter is REMANDED to the district court to determine whether its judgment in favor of Fibreboard should be vacated.

