30 F.3d 14
 Fed. Sec. L. Rep. P 98,322
Barry L. BRAGGER, Plaintiff-Appellee,
v.
TRINITY CAPITAL ENTERPRISE CORPORATION; Lawrence Burstein;
Barry Goldin; GKN Securities Corp., Defendants-Appellees,
Ivax Corporation; Diamedix Corporation; Joseph L. Giegel,
Defendants-Appellants.
 No. 943, Docket 93-7825.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 4, 1994.
Decided July 15, 1994.
 
 David S. Patterson, New York City (Breed, Abbott & Morgan, New York City, R. Lawrence Bonner, Lorelei J. Van Wey, John Borgo, Greer, Homer & Bonner, P.A., Miami, FL, of counsel), for defendants-appellants Ivax Corp., Diamedix Corp. and Joseph L. Giegel.
 Laurence D. Paskowitz, New York City (Lester L. Levy, Wolf Popper Ross Wolf & Jones, of counsel), for plaintiff-appellee Barry L. Bragger.
 Martin Stein, New York City (Parker Duryee Rosoff & Haft, of counsel), for defendants-appellees Trinity Capital Enterprise Corp., Lawrence Burstein and Barry Goldin.
 Nancy R. Sills, New York City (Steven Mallis, Graubard Mollen Horowitz Pomeranz & Shapiro, New York City, of counsel), for defendant-appellee GKN Securities Corp.
 Before: OAKES, KEARSE and CARDAMONE, Circuit Judges.
 CARDAMONE, Circuit Judge:
 
 
 1
 This appeal is from a final judgment entered July 28, 1993 pursuant to Fed.R.Civ.P. 54(b), by the United States District Court for the Southern District of New York (McKenna, J.) approving a settlement in a class action securities fraud suit. While this appeal was pending, the issue on appeal from the district court has become moot. When a judgment becomes moot it is like hanging a doubt on it. For that reason, an appellate court is generally charged with ordering that the judgment, to the extent that those portions appealed from have become moot, be vacated and the appeal be dismissed. Such is what we do here.
 
 BACKGROUND
 A. Facts
 
 2
 The present appellants, defendants in the court below, are Ivax Corporation (Ivax), Diamedix Corporation (Diamedix), and Joseph L. Giegel. Ivax is a holding company. Its subsidiaries are involved in specialty chemicals, pharmaceuticals, and medical diagnostics. Diamedix, one of those subsidiaries, manufactures medical diagnostic kits that are sold to medical laboratories. Joseph L. Giegel is the president of Diamedix. GDU Trading (GDU) is a distributor of Diamedix diagnostic kits.
 
 
 3
 The present appellees, who were also defendants in the district court, are Trinity Capital Enterprise Corporation (Trinity), a capital investment firm that raises funds by public offerings and searches for businesses to acquire by purchase or merger; Barry Goldin and Lawrence Burstein, Trinity's principals, serving as its chairman and president respectively; and GKN Securities Corporation (GKN), which acted as underwriter of the public offering at issue in this litigation. On September 12, 1991 Trinity raised $7.85 million by a public offering.
 
 
 4
 From October 1991 through January 1992 Trinity evaluated more than a dozen businesses as candidates for a possible merger. Among the prospects were Diamedix and GDU. On February 5, 1992 Trinity and Ivax signed a letter of intent which stated that Trinity would merge with Diamedix and acquire GDU. Trinity and Ivax then issued a joint press release describing the basic terms of the proposed merger and giving general background information about the various corporations involved.
 
 
 5
 Another appellee, Barry L. Bragger, was the plaintiff in the trial court. He purchased 50 shares of Trinity stock for about $500 on March 5, 1992. On April 23, 1992 Trinity, Ivax, Diamedix and GDU executed a formal merger agreement. Trinity thereafter filed a Form S-4 prospectus and proxy statement on July 10, 1992 with the Securities and Exchange Commission.
 
 
 6
 Four months later, on November 19, 1992, the merger agreement was terminated by mutual agreement of the parties. The termination occurred for two reasons: Diamedix's failure to disclose that it was being investigated by the Food and Drug Administration (FDA) for failure to obtain that agency's approval before making certain changes in the package inserts accompanying six of its diagnostic kits and failing to notify its customers of the changes; and Ivax's failure to disclose that it had lent money to GDU to finance its inventories because a substantial portion of GDU's accounts receivable were more than a year old.B. Prior Proceedings
 
 
 7
 On March 25, 1992 Bragger filed a class action securities fraud suit against Trinity, its officers Burstein and Goldin, and the underwriter GKN (referred to hereafter collectively as the Trinity defendants), alleging violations of Sec. 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, and Sec. 20(a) of the Securities and Exchange Act of 1934. Plaintiff's complaint alleged a failure by Trinity to disclose material information--primarily concerning the FDA's investigation of Diamedix. A year later, on April 1, 1993, Bragger and the Trinity defendants filed a settlement agreement disposing of all the claims between them. The next day, Bragger amended his complaint to add as defendants Ivax, Diamedix and Giegel (referred to hereafter collectively as the Ivax defendants).
 
 
 8
 On June 30 and July 16, 1993 the district court held evidentiary hearings on the proposed partial settlement, which included a bar order prohibiting the Ivax defendants from bringing any contribution or indemnification claims against the settling Trinity defendants. In a memorandum and order entered July 27, 1993 approving the settlement, it made findings of fact and set forth conclusions of law. The trial court not only determined that the proposed bar order was appropriate, but that any subsequent judgment recovered against the Ivax defendants must be reduced by the pro tanto method. Judgment approving the settlement was entered on July 28, 1993. The Ivax defendants appealed, challenging the constitutionality of the bar order and contending that reduction of any judgment against them should be reduced by the proportional rather than by the pro tanto method. We heard oral argument in this appeal on February 4, 1994.
 
 
 9
 Meanwhile, the district court--exercising its jurisdiction over those aspects of the case not on appeal, see New York State NOW v. Terry, 886 F.2d 1339, 1349-50 (2d Cir.1989), cert. denied, 495 U.S. 947, 110 S.Ct. 2206, 109 L.Ed.2d 532 (1990)--ruled on the Ivax defendants' motion to dismiss plaintiff's class action complaint against it for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6). These defendants had moved for dismissal of plaintiff's complaint in lieu of filing an answer. Judge McKenna granted the motion and dismissed plaintiff's complaint in its entirety in an order dated March 7, 1994. Final judgment was entered on March 16, 1994. Plaintiff Bragger did not appeal from the dismissal of his suit against the Ivax defendants. Thus, since the settlement between the plaintiff Bragger and the Trinity defendants still stands, all that is presently before us is the Ivax defendants' appeal from the July 28, 1993 judgment approving the settlement.
 
 
 10
 Because of the dismissal of plaintiff's complaint against the Ivax defendants, plaintiff recommended to us in a letter dated April 13, 1994 that the pending appeal be dismissed as moot. A letter response dated May 2, 1994 from the Ivax defendants, after an inquiry from the Court, basically agreed that the case is moot. The Ivax defendants also suggested that we vacate such part of the district court's rulings as were the subject of its appeal.
 
 DISCUSSION
 A. Mootness
 
 11
 Article III, section 2 of the Constitution limits the jurisdiction of the federal courts to concrete cases and controversies. Because of this limit, federal courts "are without power to decide questions that cannot affect the rights of litigants in the case before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) (per curiam). Since the district court granted the Ivax defendants' motion to dismiss plaintiff's complaint, there will be neither a judgment to be reduced on any basis, pro tanto or proportional, nor will there be a basis for the Ivax defendants to sue the Trinity defendants for contribution or indemnification. Since there is no longer any case or controversy, any opinion handed down on the propriety of the bar order and the pro tanto method of judgment reduction would be advisory only. A question posed to an appellate court that later turns out to be moot requires no answer. Thus, this appeal should be dismissed as moot. So much is clear and without dispute.B. Vacatur
 
 
 12
 But the Ivax defendants have further requested that, assuming we dismiss the appeal as moot, we also vacate the district court's rulings to the extent they were the subject of the appeal from the approval of the settlement. This request requires some discussion and is the reason for this opinion.
 
 
 13
 When a civil case becomes moot while an appeal is pending, it is the general practice of an appellate court to vacate the unreviewed judgment granted in the court below and remand the case to that court with directions to dismiss it. See A.L. Mechling Barge Lines, Inc. v. United States, 368 U.S. 324, 329, 82 S.Ct. 337, 340, 7 L.Ed.2d 317 (1961); United States v. Munsingwear, Inc., 340 U.S. 36, 39-40, 71 S.Ct. 104, 106-07, 95 L.Ed. 36 (1950); Long Island Lighting Co. v. Cuomo, 888 F.2d 230, 233 (2d Cir.1989). This procedure eliminates a judgment that was made unreviewable due to happenstance and which, if left undisturbed, might prejudice a party whose appeal as of right was precluded due to the intervening mootness. By eliminating the judgment that has become moot the rights of all the parties are preserved. See Munsingwear, Inc., 340 U.S. at 40, 71 S.Ct. at 107. Further, an appellate court may not escape its duty to vacate the judgment appealed from simply because it agrees with the reasoning of the district court. See Great Western Sugar Co. v. Nelson, 442 U.S. 92, 92-93, 99 S.Ct. 2149, 60 L.Ed.2d 735 (1979) (per curiam).
 
 
 14
 But an appellate court may in its discretion decline to vacate a judgment appealed from on the grounds of mootness when such status arose because of actions attributable to one of the parties. For example, the Supreme Court refused to vacate a lower court judgment when the controversy became moot due to the losing party's failure to pursue its appeal. See Karcher v. May, 484 U.S. 72, 83, 108 S.Ct. 388, 391, 98 L.Ed.2d 327 (1987). We too have declined to vacate a judgment, as to which there was no review as of right, when the lower court ruling had already been subjected to appellate scrutiny to which the losing party was entitled. See Manufacturers Hanover Trust Co. v. Yanakas, 11 F.3d 381, 384-85 (2d Cir.1993).
 
 
 15
 How mootness came about must be examined before an appellate court exercises its discretion. In the case at hand, the Ivax defendants actively pursued their appeal, which they were entitled to do as of right, and the intervening mootness has precluded us from scrutinizing an otherwise reviewable district court decree. When circumstances beyond an appellant's control render moot a judgment appealed from, and the judgment determines an issue in the litigation, the general duty to vacate and dismiss applies.
 
 
 16
 Appellants' successful motion to dismiss the complaint is what made this case moot. Since the district court proceeded with the underlying securities fraud action while the instant appeal of the proposed settlement was pending, the Ivax defendants were required either to answer plaintiff's complaint or to make a motion to dismiss it. This is not the type of circumstance "attributable" to a party that should result in a departure from the obligation imposed on an appellate court to direct the vacation of the district court judgment when the appeal becomes moot.
 
 
 17
 Moreover, it would seem unwise in the present instance to leave standing the district court ruling that any judgment against appellant be reduced on a pro tanto basis. We think it imprudent in light of a recent unanimous decision of the Supreme Court holding, after thorough analysis of the pro tanto and proportional judgment reduction methods, that at least in admiralty suits for damages, the proportional reduction approach is best. See McDermott, Inc. v. AmClyde, --- U.S. ----, 114 S.Ct. 1461, 128 L.Ed.2d 148 (1994).
 
 CONCLUSION
 
 18
 For the reasons stated, we dismiss this appeal as moot and remand the case to the district court for it to vacate and dismiss those portions of its order and judgment that were the subject of this appeal.
 
 
 19
 Appeal dismissed as moot.