**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-6707**

_____

JONATHAN LEIGH HENSLEE,

                Plaintiff - Appellant,

     v.

ALVIN KELLER, JR.; KEITH WHITENER,

                Defendants - Appellees.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Robert J. Conrad, Jr., Chief District Judge. (5:11-cv-00050-RJC)

_____

Submitted: August 29, 2012     Decided: September 11, 2012

_____

Before MOTZ, KING, and GREGORY, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Steven H. Goldblatt, Director, Doug Keller, Supervising Attorney, Nilam Sanghvi, Supervising Attorney, George C. Chipev, Student Counsel, Marion M. Read, Student Counsel, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant. Joseph Finarelli, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Leigh Henslee, a North Carolina inmate, filed a 42 U.S.C. § 1983 (2006) complaint, challenging the implementation of the personal grooming policy at the Alexander Correctional Institution. Pursuant to 28 U.S.C. § 1915A(b)(1) (2006), the district court dismissed the action for failure to state a claim upon which relief could be granted and noted that its order constituted Henslee's third "strike" for purposes of the Prison Litigation Reform Act ("PLRA"). Henslee timely appealed.

Initially, we addressed the impact of the district court's order on Henslee's ability to proceed in forma pauperis in this appeal. We ruled that a district court dismissal cannot act as a strike so as to preclude an appellant from proceeding in forma pauperis in an appeal from that order. Henslee v. Keller, 681 F.3d 538, 543 (4th Cir. 2012). Thus, Henslee is proceeding under the PLRA without prepayment of fees.

Turning now to the substance of Henslee's appeal, while his case was pending in this court, he was transferred to another prison. Because Henslee sought only injunctive relief, we conclude that his complaint has been rendered moot by his transfer. Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009).

"Where it appears upon appeal that the controversy has become entirely moot, it is the duty of the appellate court to set aside the decree below and to remand the cause with directions to dismiss." Great W. Sugar Co. v. Nelson, 442 U.S. 92, 93 (1979) (emphasis omitted; internal quotation marks omitted). However, "vacatur on appeal is an equitable rule warranted only where mootness has occurred through happenstance, rather than through voluntary action of the losing party." Brook v. Vassar, 462 F.3d 341, 349 (4th Cir. 2006) (internal quotation marks omitted). This "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." United States v. Munsingwear, Inc., 340 U.S. 36, 40 (1950).

Because Henslee's action became moot through happenstance, namely his transfer to another facility, we vacate the district court's judgment and remand for the district court to dismiss the complaint as moot. We emphasize that our earlier PLRA ruling is not affected by this decision and remains standing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED