# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2083

_____

Tracy L. Reid, individually, and on behalf of M.A.R.

*Plaintiff - Appellee*

v.

BCBSM, Inc., doing business as Blue Cross and Blue Shield of Minnesota

*Defendant - Appellant*

Michael Rothman, in his capacity as Commissioner of the Minnesota Department of Commerce

*Defendant*

Blue Cross and Blue Shield of Minnesota Medical Plan, Group No. 4G175-00

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: February 11, 2015
Filed: May 28, 2015
[Published]

_____

Before GRUENDER, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

The issue in this case is whether the district court erred in refusing to grant vacatur. We remand to provide the district court an opportunity to explain its decision.

I.

This case arises from a dispute about Tracy Reid's health insurance coverage. Reid worked as an attorney in Minnesota and received health insurance from Blue Cross and Blue Shield of Minnesota through her law firm. In 2008, her son M.A.R. was diagnosed with autism spectrum disorder. One of the treatments M.A.R. received for his diagnosis was behavioral therapy. Reid's Blue Cross policy initially covered this treatment. In 2012, however, Blue Cross informed Reid her policy would exclude coverage for behavioral therapy beginning in 2013. Reid, on behalf of herself and M.A.R., subsequently brought suit in the district court, seeking to enjoin Blue Cross from excluding behavioral therapy.[1] Blue Cross moved to dismiss Reid's complaint under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion in part and denied the motion in part, dismissing most of Reid's claims but allowing her claims under the Minnesota Human Rights Act ("MHRA") and the Americans with Disabilities Act ("ADA") to proceed.

---

[1]We refer to BCBSM, Inc. and Blue Cross and Blue Shield of Minnesota Medical Plan, Group No. 4G175-00, collectively as "Blue Cross." Reid also sued her previous insurer, HealthPartners Insurance Company, as well as the Minnesota Department of Commerce and Michael Rothman, in his capacity as Commissioner of the Minnesota Department of Commerce. The district court dismissed Reid's claims against these additional defendants and further discussion of them is unnecessary.

On October 31, 2013, Reid moved to Arizona; she lost her Blue Cross coverage some time thereafter. Although the parties dispute exactly when Reid's Blue Cross coverage stopped, they do not dispute that once it did, her prayer for injunctive relief became moot. Accordingly, Blue Cross filed a motion requesting that the district court (1) dismiss the case as moot and (2) vacate its Rule 12(b)(6) ruling. Reid similarly moved to dismiss the case as moot, but she urged the district court not to vacate its Rule 12(b)(6) ruling. The district court then entered an order granting Reid's motion to dismiss, granting Blue Cross's motion to the extent it sought dismissal, and denying Blue Cross's motion to the extent it sought vacatur. In its order, the district court provided no explanation for its denial of vacatur. Blue Cross now appeals, arguing it was error for the district court not to vacate its Rule 12(b)(6) ruling once it dismissed the case as moot.

II.

Before we consider the district court's vacatur determination, we address the threshold issue of our jurisdiction. Reid argues we lack jurisdiction under both 28 U.S.C. § 1291 and Article III of the Constitution. Specifically, she contends that the district court's order denying vacatur is not a final decision under section 1291 and that no Article III case or controversy remains because the district court dismissed the case as moot.

First, we possess jurisdiction under section 1291, which generally grants us "jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Here, the district court's order dismissing the case as moot and declining to grant vacatur is a final decision for section 1291 purposes. See Alpine Glass, Inc. v. Ill. Farmers Ins. Co., 531 F.3d 679, 681 (8th Cir. 2008) ("A district court's order is a 'final decision' for the purposes of § 1291 if it 'ends the litigation on the merits and leaves nothing more for the [district] court to do but execute the judgment.'" (alteration in original) (quoting Green Tree Fin. Corp.-Ala.

-3-

v. Randolph, 531 U.S. 79, 86 (2000))); Roller v. Worthen Nat'l Bank of Nw. Ark. (In re Roller), 999 F.2d 346, 347 (8th Cir. 1993) (stating that the district court entered a "final judgment" when it dismissed a case as moot).

Second, while we cannot consider the merits of Reid's MHRA and ADA claims, Article III does not bar us from considering the issue of vacatur on appeal. See 28 U.S.C. § 2106 ("[C]ourt[s] of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."); U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 20-22 (1994) (holding that Article III does not prevent federal appellate courts from exercising their section 2106 powers after a case becomes moot); Great W. Sugar Co. v. Nelson, 442 U.S. 92, 93 (1979) (per curiam) (granting certiorari and ordering vacatur in a case the Tenth Circuit had already dismissed as moot); cf. United States v. Munsingwear, Inc., 340 U.S. 36, 40 (1950) (citing 28 U.S.C. § 2106) ("Denial of a motion to vacate could bring the case here. Our supervisory power over the judgments of the lower federal courts is a broad one.").

## III.

Having established our power to hear the case, we now address the district court's vacatur determination. Although Blue Cross never specified which Rule it sought vacatur under, we treat its motion for vacatur as a motion under Rule 60(b), which is the Rule that allows a district court to consider vacatur requests. See Fed. R. Civ. P 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . ."). Thus we review the district court's denial of vacatur for an abuse of discretion. See Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005) (per curiam) (reviewing ruling on Rule 60(b) motion for abuse of discretion).

"[T]he determination [of whether to grant vacatur] is an equitable one . . . ." U.S. Bancorp, 513 U.S. at 29. And it will depend heavily on the circumstances involved in each case. See id. Here, the district court declined to grant vacatur. Yet it provided no explanation for doing so. As we have observed in another context, "[a]lthough the district court may have reached the proper conclusion, it is hard to tell without an explanation for the action taken." Twin City Constr. Co. of Fargo v. Turtle Mountain Band of Chippewa Indians, 911 F.2d 137, 139 (8th Cir. 1990) (discussing ruling on Rule 59(e) motion). Accordingly, because we do not know the district court's reason for denying vacatur, we decline to answer whether the district court abused its discretion. In these specific circumstances, we cannot conduct a meaningful review without an explanation from the district court.[2]

## IV.

For the foregoing reasons, we remand the case to the district court with instructions that the district court provide an explanation for its decision.[3]

———————————————

———————————————

[2]We note one of Blue Cross's suggestions is that "[a]s long as [the Rule 12(b)(6) ruling] stands unvacated, other parties can potentially cite it against Blue Cross as stare decisis." Appellant Br. 8 (emphasis removed). However, the district court's Rule 12(b)(6) ruling cannot be used as stare decisis because "[a] district court decision binds no judge in any other case, save to the extent that doctrines of preclusion (not stare decisis) apply." Gould v. Bowyer, 11 F.3d 82, 84 (7th Cir. 1993); see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 547 F.3d 109, 112 & n.4 (2d Cir. 2008) ("District court decisions, unlike the decisions of States' highest courts and federal courts of appeals, are not precedential in the technical sense: they have collateral estoppel, res judicata, and 'law of the case' effects, but create no rule of law binding on other courts." (footnotes omitted)).

[3]We deny Reid's motion to strike statements in Blue Cross's opening and reply briefs because the factual statements Reid objects to are not relevant on appeal.