**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1769**

BH MEDIA GROUP, INC., d/b/a Richmond Times-Dispatch; GUARDIAN NEWS & MEDIA, LLC; THE ASSOCIATED PRESS; GANNETT CO., INC.,

Plaintiffs - Appellants,

v.

HAROLD W. CLARKE, in his official capacity as Director of the Virginia Department of Corrections,

Defendant - Appellee,

-------------------------------------------

REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS AND 23 MEDIA ORGANIZATIONS,

Amicus Supporting Appellants.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:19-cv-00692-REP)

Submitted:  April 5, 2021                                  Decided:  April 15, 2021

Before WYNN, THACKER, and QUATTLEBAUM, Circuit Judges.

Vacated and remanded with instructions by unpublished per curiam opinion.

Craig T. Merritt, David B. Lacy, Gordon M. Phillips, CHRISTIAN & BARTON, LLP, Richmond, Virginia; David A. Schulz, MEDIA FREEDOM AND INFORMATION ACCESS CLINIC ABRAMS INSTITUTE YALE LAW SCHOOL, New York, New York; Charles Crain, Michael Linhorst, MEDIA FREEDOM AND INFORMATION ACCESS CLINIC ABRAMS INSTITUTE YALE LAW SCHOOL, New Haven, Connecticut, for Appellants. Mark R. Herring, Attorney General, Michael A. Jagels, Acting Deputy Attorney General, Margaret Hoehl O'Shea, Assistant Attorney General, Toby J. Heytens, Solicitor General, Martine E. Cicconi, Michelle S. Kallen, Deputy Solicitors General, Jessica Merry Samuels, Assistant Solicitor General, Kendall T. Burchard, John Marshall Fellow, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellee. Thomas S. Leatherbury, Director, First Amendment Clinic, SOUTHERN METHODIST UNIVERSITY DEDMAN SCHOOL OF LAW, Dallas, Texas; Bruce D. Brown, Katie Townsend, Caitlin Vogus, REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, Washington, DC; Ethan Nutter, VINSON & ELKINS LLP, Austin, Texas; Parker Cragg, Shelby Hart-Armstrong, VINSON & ELKINS LLP, Houston, Texas, for Amici Curiae.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

BH Media Group, Inc., d/b/a Richmond Times-Dispatch; the Associated Press; Guardian News & Media, LLC; and Gannett Company, Inc. (collectively, Appellants) filed a 42 U.S.C. § 1983 complaint against Harold W. Clarke, in his official capacity as Director of the Virginia Department of Corrections (VDOC). Plaintiffs sought declaratory and injunctive relief on their claim that certain provisions of the VDOC's protocol for administering the death penalty violated the First Amendment public right of access to view the entirety of executions carried out by the Commonwealth of Virginia. The district court granted Clarke's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, concluding that the public right of access does not apply outside the context of the criminal adjudication process, from which executions are excluded. Appellants seek review of that judgment, arguing that the district court's analysis represents an unduly restrictive reading of the First Amendment's public right of access. The Reporters Committee for Freedom of the Press and 23 media organizations also have filed an amici curiae brief[*] similarly disputing the district court's reasoning.

---

[*] Amici curiae include the Reporters Committee for Freedom of the Press, The Atlantic Monthly Group LLC, E.W. Scripps Company, International Documentary Association, Los Angeles Times Communications LLC, The Media Institute, The Association of Magazine Media, National Journal Group LLC, National Newspaper Association, National Press Photographers Association, National Public Radio, The News Leaders Association, News Media Alliance, The New York Times Company, North Carolina Press Association, POLITICO LLC, Radio Television Digital News Association, Society of Environmental Journalists, Society of Professional Journalists, Tribune Publishing Company, Tully Center for Free Speech, Virginia Coalition for Open Government, Virginia Press Association, and The Washington Post.

On February 22, 2021, the Virginia General Assembly passed legislation abolishing the death penalty in Virginia and converting the sentences of those on death row to life imprisonment without parole. S.B. 1165ER, 161st Gen. Assemb., 1st Spec. Sess. (Va. 2021). Governor Ralph S. Northam signed the bill into law on March 24, 2021. In response to this legislative action, Appellants have filed an unopposed suggestion of mootness and motion to vacate the district court's judgment and remand with instructions to dismiss the action.

We conclude that Appellants' request for vacatur and remand is well taken. "Article III limits the jurisdiction of federal courts to cases and controversies." *Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*, 843 F.3d 583, 588 (4th Cir. 2016). "[A]n actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1975 (2016) (internal quotation marks omitted). "A case becomes moot, and thus deprives federal courts of subject matter jurisdiction, when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Catawba Riverkeeper Found.*, 843 F.3d at 588 (internal quotation marks omitted). "If an event occurs during the pendency of an appeal that makes it impossible for a court to grant effective relief to a prevailing party, then the appeal must be dismissed as moot." *Fleet Feet, Inc. v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021) (internal quotation marks omitted).

"The customary practice when a case is rendered moot on appeal is to vacate the moot aspects of the lower court's judgment" and remand with instructions to dismiss. *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 390 (4th Cir. 2017) (internal quotation

4

marks omitted); *see Great W. Sugar Co. v. Nelson*, 442 U.S. 92, 93 (1979). "The established practice of vacatur is warranted, however, only where mootness has occurred through happenstance, rather than through the voluntary action of the losing party." *Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 162 (4th Cir. 2010) (internal quotation marks omitted). This procedure acknowledges that "[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994). "In such circumstances, the equitable remedy of vacatur clears the path for future relitigation of the issues between the parties." *Catawba Riverkeeper Found.*, 843 F.3d at 589-90 (internal quotation marks omitted).

Here, Virginia's newly enacted legislation has rendered Appellants' action moot, as courts can no longer grant effectual relief on Appellants' First Amendment claim. As mootness was purely the product of "happenstance—circumstances not attributable to the parties"—vacatur of the district court's order is an appropriate remedy. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997) (internal quotation marks omitted). Further, vacatur is both warranted and in the public interest, as allowing the district court's order to stand would effectively preserve an advisory opinion on constitutional questions, one with conceivable implications beyond the narrow context of public access to executions in Virginia. *See Catawba Riverkeeper Found.*, 843 F.3d at 590-92; *Taylor v. Kellogg Brown & Root Servs., Inc.*, 658 F.3d 402, 412 (4th Cir. 2011).

Accordingly, we grant Appellants' motion to vacate and remand, vacate the district court's judgment, and remand to the district court with instructions to dismiss the action.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED WITH INSTRUCTIONS*